UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE K. UTZ, <br>   PLAINTIFF, <br><br> VS. <br><br> THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and NORTHWEST BANK <br><br>   DEFENDANTS | ) <br> )   CIVIL ACTION <br> ) <br> )   CASE NO: <br> ) |

# COMPLAINT

Comes now Plaintiff **JULIE K. UTZ** and sues Defendant **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, hereinafter also referred to as Defendant Lincoln National, and Defendant Northwest Bank and states:

**CLAIMS FOR RELIEF AS TO DEFENDANT LINCOLN NATIONAL LIFE**

1. This is an action for relief pursuant to ERISA, 29 U.S.C. §1001 et seq.

2. This court has jurisdiction pursuant to ERISA §502 (e), 29 U.S.C. §1132(e).

3. Defendant The Lincoln National Life Insurance Company, hereinafter Lincoln National, is an insurance company which at all times material hereto was licensed to engage in and was in fact engaged in insurance business for profit in this state.

4. At all times material hereto Defendant Lincoln National insured Plaintiff for disability pursuant to short term and long term policies of group insurance issued to Plaintiff's employer, Northwest Bank.

1

5. Plaintiff is and at all times material to this matter was a resident of Erie County, New York.  She was employed by Northwest Bank in Buffalo as an investigator.

6. On or about May 5, 2021 and while still employed by Northwest Bank Plaintiff had spinal surgery, (a lumbar spinal fusion and laminectomy), which surgery it was hoped would alleviate the severe pain plaintiff was experiencing.  Thereafter Defendant accepted plaintiff as disabled and paid short term disability benefits for the time frame from May 2021 until September 2021, at which time plaintiff returned to her employment as an investigator for Northwest Bank.

7. Plaintiff returned to her job in September 2021, working for the Bank until December 30, 2021.

8. Beginning on or about December 30, 2021 plaintiff was again unable to function because of pain located in her mid and lower back and extending down her legs and into both feet as well as bilateral knee pain and a Major Depressive Disorder. Defendant initially recognized Plaintiff's disability and paid short term disability benefits from January 7, 2022 until February 5, 2022.

9. Despite the fact that Plaintiff remained disabled from her occupation since February 5, 2022, Defendant in a denial letter dated March 16, 2022 denied disability benefits effective February 5, 2022 and gave plaintiff incorrect advice concerning the time for taking an appeal.

10. Plaintiff, acting without benefit of counsel and correct information concerning how and when to take an appeal, appealed Defendant's wrongful denial of benefits pro se.

11. Through medical records submitted to and received by Defendant prior to the issuance of the final denial of benefits on appeal, Defendant Lincoln was advised that Plaintiff was scheduled for a lumbar surgery due to the presence of a spinal cyst compressing and displacing her intradural nerves. Defendant ignored this information and pushed ahead with an improper affirmation of its denial of benefits, again denying short term disability effective February 5, 2022.

12. Defendant's denial of benefits was wrongful in that Defendant failed to consider medical opinion indicating that Plaintiff had an intradural cyst which compromised the spinal nerves and that Plaintiff was scheduled for lumbar surgery (which surgery, a laminectomy with fenestration of an intradural cyst, was ultimately performed on December 3, 2022).

13. Defendant's denial of benefits was wrongful in that defendant failed to properly consider the effect of plaintiff's pain on our ability to perform full time employment.

14. Defendant's denial of benefits was wrongful in that Defendant improperly advised plaintiff on the time available for taking an appeal.

15. Defendant failed to provide Plaintiff with a fair hearing on her claim and failed to follow Department of Labor Regulations in their denial of benefits and in their processing of the appeal which plaintiff took from that denial.

16. Defendant's denial of benefits was improper in that Defendant denied the claim by letter dated March 16, 2022 without furnishing claimant with a description of any additional material or information necessary for her to perfect the claim and an explanation of why such material or information was necessary.

17. Defendant is a conflicted claims administrator.  Defendant Lincoln National decides whether benefits should be paid pursuant to a policy which it drafted and issued. And Defendant is the party responsible for paying benefits to the disability policy.

**WHEREFORE**, Plaintiff prays that this honorable court:

1.  Reverse the denial of benefits arrived at by Defendant and award plaintiff short term and long term disability benefits for the time frame from February 5, 2022 to the present together with interest thereon and direct that Defendant pay continuing benefits for so long as plaintiff remains disabled in accordance with the policies issued by Defendant.

3.  In the alternative, remand the claim to Defendant for a fair hearing on Plaintiff's claim.

4.  Award plaintiff's attorney's fees and costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g)

5.  . Afford plaintiff such other and additional relief as the Court finds fitting and proper.

## CLAIMS FOR RELIEF AS TO DEFENDANT NORTHWEST BANK

18. At all times material hereto Defendant Northwest Bank was the plan administrator of the disability plans referred to in the claims alleged herein against Defendant Lincoln.

19. At all times material hereto Plaintiff Utz was a participant in the short term and long term disability plans sponsored by and administered by her employer Northwest Bank.

20. On March 6, 2023 Plaintiff, through her undersigned counsel, made a written request to Northwest Bank seeking plan documents which the administrator Northwest was required to provide within 30 days of written request pursuant to Erisa §104(b)(4); *codified* at 19 U.S.C. §1024(b)(4).

21. Defendant Northwest Bank failed to produce the plan documents within 30 days of Plaintiff's written request as required by Erisa §104(b)(4).

**Wherefore,** plaintiff prays that this honorable court award her penalties of up to $110 per day against Defendant Northwest Bank pursuant to Erisa §502(c)(1), together with attorneys fees and costs of action pursuant to Erisa §502(g), 29 U.S.C. §1132(g).

Dated this 31st day of October 2023
at East Aurora, New York

_____
E. Peter Pfaff
*Attorney for the Plaintiff*
673 Main St., Suite 5
East Aurora, New York 14052
(716) 652 2260

Email: peter@epeterpfaff.com