UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIE K. UTZ,

        PLAINTIFF,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND NORTHWEST BANK,

        DEFENDANTS.

ANSWER OF DEFENDANT NORTHWEST BANK

CASE NUMBER: 23-CV-01145-JLS-JJM

---

Defendant Northwest Bank ("Northwest"), by and through its attorneys Harter Secrest & Emery LLP, hereby responds to Plaintiff's Complaint as follows:

**CLAIMS FOR RELIEF AS TO DEFENDANT LINCOLN NATIONAL LIFE**

1. As to the allegations in Paragraph 1 of the Complaint, Northwest admits that Plaintiff has filed an action seeking relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*., but denies that Plaintiff is entitled to any of the requested relief.

2. As to the allegations in Paragraph 2 of the Complaint, Northwest neither admits nor denies them as they do not call for factual responses but instead require legal conclusions.

3. As to the allegations in Paragraph 3 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint.

4. As to the allegations in Paragraph 4 of the Complaint, Northwest admits that Lincoln issued a Group Insurance Policy for short-term disability ("STD") (the "STD Group Policy") and a Group Long-Term Disability ("LTD") Insurance Policy (the "LTD Group Policy," and collectively with the STD Policy, the "Group Policies") to Northwest to fund, in

part, the employee welfare benefit plan established and maintained by Northwest. Northwest further admits that Plaintiff was employed by Northwest Bank. Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 of the Complaint.

5. As to the allegations in Paragraph 5 of the Complaint, Northwest admits that Plaintiff was at one time employed by Northwest Bank as an "investigator." Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Complaint.

6. As to the allegations in Paragraph 6 of the Complaint, Northwest admits that plaintiff returned to her employment as an investigator for Northwest in September 2021. Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Complaint.

7. Northwest admits the allegations contained in Paragraph 7 of the Complaint.

8. As to the allegations in Paragraph 8 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. As to the allegations in Paragraph 9 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. As to the allegations in Paragraph 10 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

11. As to the allegations in Paragraph 11 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. As to the allegations in Paragraph 12 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. As to the allegations in Paragraph 13 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. As to the allegations in Paragraph 14 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. As to the allegations in Paragraph 15 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. As to the allegations in Paragraph 16 of the Complaint, Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. As to the allegations contained in Paragraph 17 of the Complaint, Northwest admits that defendant Lincoln National Life Insurance Company is the claims administrator for the Group Policies responsible for construing the terms of the Group Policies and determining benefit eligibility thereunder. Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 of the Complaint.

In response to Plaintiff's wherefore clause, Northwest avers that this paragraph does not require a response from Northwest to the extent it seeks relief from defendant Lincoln National Life Insurance Company. To the extent this paragraph warrants a response, Northwest denies that Plaintiff is entitled to any relief sought from Northwest in this action, including, but not limited to, the relief stated in Plaintiff's wherefore clause.

**CLAIMS FOR RELIEF AS TO DEFENDANT NORTHWEST BANK**

18. Northwest admits the allegations contained in Paragraph 18 of the Complaint.

19. As to the allegations contained in Paragraph 19 of the Complaint, Northwest admits that Plaintiff was at one time an employee of Northwest Bank and covered under the Group Policies. Northwest lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 of the Complaint.

20. Northwest admits that on March 6, 2023 Plaintiff, through her undersigned counsel, made a written request to Northwest seeking plan documents. As to the remaining allegations in Paragraph 20, Northwest neither admits nor denies them as they do not call for factual responses but instead require legal conclusions. To the extent a response is deemed required to the remaining allegations in Paragraph 20 of the Complaint, Northwest denies such allegations.

21. Northwest denies the allegations in Paragraph 21 of the Complaint.

In response to Plaintiff's wherefore clause, Northwest denies that Plaintiff is entitled to any relief sought in this action, including, but not limited to, the relief stated in Plaintiff's wherefore clause.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Northwest, if any, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA.

### SECOND DEFENSE

Plaintiff failed to mitigate any and all damages or losses claimed by Plaintiff.

### THIRD DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrine(s) of waiver, unclean hands, laches, and/or estoppel.

**FOURTH DEFENSE**

If Plaintiff suffered harm as alleged in the Complaint, which Northwest specifically denies, that harm is attributable in whole or in part to the conduct of persons or entities other than Northwest.

**FIFTH DEFENSE**

Northwest complied with its obligations, including the timely provision of requested documents, under all applicable regulations.

**SIXTH DEFENSE**

Northwest's actions were taken in good faith in accordance with the provisions of the Group Policies.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by her failure to exhaust administrative remedies.

**EIGHTH DEFENSE**

Northwest's actions were taken in good faith in accordance with the applicable regulations and policies.

Northwest has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, defenses. Accordingly, Northwest reserves the right to assert additional defenses once they have been ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Northwest, prays for judgment of the Court as follows:

1. Deny Plaintiff's request for penalties against Defendant Northwest pursuant to ERISA §502(c)(1).

2. Deny Plaintiff's request for attorneys fees and costs of actions pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

Dated: April 30, 2024
Rochester, New York                    **HARTER SECREST & EMERY LLP**

By:    *s/ Erika N.D. Stanat*
       Erika N.D. Stanat, Esq.
       Michael-Anthony Jaoude
       *Attorneys for Defendant Northwest Bank*
       1600 Bausch & Lomb Place
       Rochester, New York 14604
       Telephone: (585) 232-6500
       Fax: (585) 232-2152
       Email: estanat@hselaw.com
              mjaoude@hselaw.com

To: E. Peter Pfaff
*Attorney for Plaintiff*
673 Main St., Suite 5
East Aurora, NY 14052
(716) 652-2260
Email: peter@epeterpfaff.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Jill Novak Dalrymple
NY Bar No. 4023677
*Attorneys for Defendants The Lincoln National Insurance Bank Company*
599 Lexington Avenue
Suite 1700
New York, NY 10022
(212) 492-2500